IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| Sean D. Palmer, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.:_____ |
| | | (Removed from Circuit Court for Prince |
| RadNet, Inc., *et al.*, | * | George's County, Case No. CAL22-03463) |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants Community Imaging Partners, Inc. ("Community Imaging") and OMNI Healthcare Financial, LLC, f/d/b/a Global Financial Credit, LLC ("OMNI"), (collectively "Defendants"), by their respective undersigned attorneys, provide notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the putative class action styled *Sean D. Palmer, et al. v. RadNet Inc., et al.*, Case No. CAL22-03463 (Circuit Court for Prince George's County) to the United States District Court for the District of Maryland. Removal is based on 28 U.S.C. § 1332(d) (the Class Action Fairness Act or "CAFA"). As grounds for removal, Defendants state the following:

### I.  STATE COURT FILINGS

1. On February 11, 2022, Plaintiffs, Sean D. Palmer, Alexis A. Zabsonre, Danilo A. Vasquez-Perez ("Plaintiffs"), on behalf of themselves and on behalf of others similarly situated, filed a putative class action Complaint and Demand for Jury Trial ("Complaint" or "Compl."), with the Clerk of the Circuit Court for Prince George's County (the "State Court Action"). The State Court Action was assigned Case Number CAL22-03463.

2. The Complaint asserts, on behalf of Plaintiffs and "all others similarly situated," violations of Maryland's Usury Statute, Md. Code Ann., Commercial Law §§ 12-101, *et seq.*; violations of Maryland's Consumer Loan Law, Md. Code Ann., Commercial Law §§ 13-101, *et seq.* ("MCLL"); violations of Maryland's Consumer Protection Act, Md. Code Ann., Commercial Law §§ 13-101, *et seq.* ("MCPA"), as well as additional claims for unjust enrichment, intentional misrepresentation and fraud, constructive fraud and civil conspiracy. (Compl., ¶¶ 114-203). Specifically, Plaintiffs accuse Defendants of violating various Maryland lending laws and consumer protection statutes by making "illegal and usurious loans" without a consumer loan license in connection with Plaintiffs' receipt of medical services. (*Id.,* ¶¶ 20, 155). Plaintiffs seek statutory, declaratory and injunctive relief in addition to actual and punitive damages and reasonable attorneys' fees. (*Id.*, ¶¶ 29-35).

3. The purported class is defined as:

> All Maryland residents who entered into loan agreements (Letters of Protection, Medical Liens, or similar loan agreements of whatever title) with Global Financial Credit, LLC (d/b/a MedChex) and/or OMNI Healthcare Financial, LLC in connection with the payment of medical treatment or procedures from 02/11/2010 – Present.

(*Id.*, ¶ 17).

## II.   REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

4. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453. Congress passed CAFA with the intent to expand federal jurisdiction over class actions. *See* S. Rep. No. 109-14 (2005) at *43, *as reprinted in* 2005 U.S.C.C.A.N. 3, **41 (the Act "is intended to expand substantially federal court jurisdiction over class actions"); *see also Evans v. Walter Industries, Ins.*, 449 F.3d 1159, 1164 (11th Cir. 2006)

("The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction.").

5. A "class action," as defined by CAFA, is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar [s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs filed this action as a purported class action pursuant to Maryland Rule 2-231. (*See* Compl., p. 3).

6. CAFA expressly provides that class actions filed in state court are removable to federal court on the basis of "minimal diversity" jurisdiction under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, where (a) the putative class contains at least one hundred class members; (b) any member of the putative class is a citizen of a state different from any defendant; and (c) and the matter in controversy exceeds the sum or value of five million dollars ($5,000,000), exclusive of interest and costs. Each of these requirements is satisfied here.

7. <u>Numerosity</u>: Under CAFA, the putative class must contain at least one hundred putative class members. *See* 28 U.S.C. § 1332(d)(5). Here, there are more than 1,000 individuals with addresses in Maryland who entered into transactions with OMNI in connection with the payment of medical treatment or procedures from February 11, 2010 through the present.

8. <u>Citizenship of the Parties</u>: Under CAFA, diversity of citizenship exists between the parties so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A). According to the allegations in the Complaint, at least one proposed class member and all nine defendants are citizens of different states. Plaintiff Sean D. Palmer is a citizen of the State of Florida and Plaintiffs Alexis A. Zabsonre and Danilo A. Vasquez-Perez are citizens of the State of Maryland. (Compl., ¶¶ 1-3). By contrast, Defendant

117691\000001\4856-5148-1882.v1

OMNI is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in North Carolina. (*Id.*, ¶ 8). Community Imaging is a Delaware corporation that maintains its principal place of business in Maryland. (*Id..*, ¶ 7). The Complaint identifies seven additional defendants: (i) RadNet, Inc. is alleged to be Delaware corporation that maintains its principal place of business in California (*Id.*, ¶ 4); (ii) RadNet Managed Imaging Services, Inc.; RadNet Sub, Inc.; RadNet Management, Inc.; RadNet Management I, Inc.; and RadNet Management II, Inc. are each alleged to be California corporations that maintain their principal places of business in California (*Id.*, ¶ 5); and (iii) Community Radiology Associates, Inc. is alleged to be a Maryland corporation that maintains its principal place of business in Maryland. (*Id.*, ¶ 6).

9.  <u>Amount in Controversy</u>: Under CAFA, the claims of individual class members are aggregated to determine if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). "[T]he test" to determine the amount in controversy is "the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir.2002) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir.1964)). As set forth below, the relief sought places an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

10. According to the Complaint, Plaintiffs seeks (a) a declaration that the agreements at issue in the Complaint are void and unenforceable; (b) an order enjoining Defendants from collecting, or attempting to collect, any money from any class member from any of the transactions

at issue in the Complaint; (c) disgorgement of all past payments of any type made by class members to Defendants; (d) treble damages pursuant to Md. Code Ann., Commercial Law §12-114(b)(1)(i); and reasonable attorneys' fees under the MCPA. Based on these allegations and Plaintiffs' definition of the proposed class, the amount in controversy exceeds $5,000,000, excluding interest and costs.

11. By establishing the statutory basis for removal under CAFA, Defendants do not in any way concede the allegations against it, the appropriateness of either proposed class definition, or the propriety of this action proceeding as a class action. Further, Defendants' statement that the matter in controversy is in excess of $5 million is not intended to constitute an admission or acquiescence that the types of damages and categories of relief sought by Plaintiffs is available for the claims plead or that Plaintiffs or the putative class are entitled to any relief.

### III.   PROCEDURAL REQUIREMENTS AND LOCAL RULES

12. <u>Removal to this Court is proper</u>. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Maryland, which is the federal district court embracing the Circuit Court for Prince George's County, Maryland, where the State Court Action was initially filed.

13. <u>Removal is timely</u>. The Complaint was served on Defendant OMNI on March 2, 2022, and on Defendant Community Imaging on March 4, 2022. This Notice of Removal is being filed with the United States District Court for the District of Maryland on April 1, 2022, within thirty days after receipt by Defendants OMNI and Community Imaging of the Complaint and summons. *See* 28 U.S.C. § 1446(b).

14. <u>Pleadings and Process</u>. Contemporaneously filed herewith are copies of all process, pleadings and orders received by Defendants in the State Court Action. *See* 28 U.S.C. § 1446(a);

Local Rule 103(5)(a). (**Exhibits A and B**). Also, attached hereto as **Exhibit C** is a copy of the Notice of Filing of Notice of Removal (without exhibits) that Defendants will file with the Clerk of the Circuit Court for Prince George's County, Maryland and will promptly serve upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

15.  Signature:  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

16.  Because minimum diversity exists, the number of putative class members is greater than 100, and the amount in controversy exceeds $5 million, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) and removal is proper.

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. § 1332(d) and 28 U.S.C. §§ 1441 and 1446, Defendants Community Imaging Partners, Inc. and OMNI Healthcare Financial, LLC, f/d/b/a Global Financial Credit, LLC, respectfully serve notice that the above-referenced civil action, now pending in the Circuit Court for Prince George's County, Maryland, is removed therefrom to the United States District Court for the District of Maryland.

Dated: April 1, 2022                                Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Scott H. Marder (Fed. Bar No. 28789) | Brian L. Moffet (Fed. Bar No. 13821) |
| THOMAS & LIBOWITZ, P.A. | Ariana K. DeJan-Lenoir (Fed. Bar. No. 20522) |
| 25 S. Charles Street, Suite 2015 | Lauren S. Fleming (Fed. Bar. No. 21756) |
| Baltimore, Maryland 21201 | MILES & STOCKBRIDGE, P.C. |
| Tel: (410) 752-2468 | 100 Light Street |
| shmarder@tandllaw.com | Baltimore, Maryland 21202 |
|  | Tel: 410-385-3656 |
| *Attorneys for Defendant* | bmoffet@milesstockbridge.com |
| *OMNI Healthcare Financial, LLC,* | adejanlenoir@milesstockbridge.com |
| *f/d/b/a Global Financial Credit, LLC* | lfleming@milesstockbridge.com |
|  | |
|  | *Attorneys for Defendant* |
|  | *Community Imaging Partners, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April 2022, a copy of the foregoing Notice of Removal was served via email and sent via Federal Express to:

>Jason W. Fernandez
>Christopher D. Salsman
>Greenberg & Bederman, LLC
>1111 Bonifant Street
>Silver Spring, MD 20910
>jfernandez@gblawyers.com
>csalsman@gblawyers.com
>
>*Attorneys for Plaintiffs*

                                           /s/
                            Brian L. Moffet